# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENGFU PICTURES LIMITED and BEIJING ZHUMENG QIMING CULTURE & ART CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SMC SPECIALTY FINANCE, LLC, <br><br> Defendant. | Case No.: 2:21-CV-01795-SB-AGRx <br><br> Before Hon. Stanley Blumenfeld, Jr. District Court Judge <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

The regularly noticed motion to dismiss brought by defendant SMC Specialty Finance, LLC, pursuant to Rule 12(b)(6), F.R.Civ.P., came on for hearing in this Court on May 7, 2021, at 8:30 a.m., before the Honorable Stanley Blumenfeld, Jr., United States District Court Judge. Defendant was represented by Scott J. Tepper of Raskin Gorham Anderson Law. Plaintiffs were represented by Leodis C. Matthews of Zhong Lun Law Firm LLP.

The Court having considered the papers filed by the parties, having heard argument and being fully advised in the premises, and good cause appearing therefor,

IT IS HEREBY ORDERED THAT defendant's motion is GRANTED, with

prejudice and Counts II through VII of the Complaint are dismissed.

Plaintiffs' alleged declaratory relief claim as to SMC's violation of copyright law fails because it is predicated on the non-assignment clauses of the underlying financing agreements being effective against the attachment of a secured interest, but the California Commercial Code expressly renders such non-assignment clauses "ineffective" against the attachment of secured interests. Cal. Comm. Code §§ 9406(d) & 9408(a). As a result, the contractual non-assignment clauses are inapplicable because the secured liens that were created do not constitute prohibited assignments violating Copyright law. (Count II.)

Plaintiffs' alleged declaratory relief claim regarding the invalidity of the foreclosure fails on these same grounds as the notices did not violate the California Commercial Code nor are there sufficient allegations that the sale was not reasonable. (Count III.)

The complaint fails to allege any actionable conduct by SMC other than its desire to advance its own rights to recoup its losses from the defaulted multi-million-dollar loan, and thus plaintiffs cannot state a claim for interference with contract. *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1145 (Cal. 2004); *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 56 (Cal. 1998). (Count IV.)

Plaintiff's alleged violation of the Unfair Competition Law also cannot be sustained because the alleged "wrongful" or "unfair" conduct is specifically sanctioned by the above-referenced California Commercial Code. *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1158-9 (2000). (Count V.)

The alleged interference with prospective economic advantage claim fails because it does not allege SMC's wrongful conduct. *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 56 (Cal. 1998). (Count VI.)

Finally, the alleged conversion claim fails because plaintiffs have admitted in documents submitted to this Court in support of three motions for preliminary injunction (all of which were subsequently stricken by the Court), that SMC is not

exercising "dominion" over any property, as such property is being held by third parties pending resolution of this dispute. (Count VII.)

SO ORDERED.

Dated: May ___. 2021

                                          _____
                                          Stanley Blumenfeld, Jr.
                                          United States District Court Judge